1 **ROGER T. NUTTALL #42500**
**NUTTALL COLEMAN & WILSON**
2445 Capitol Street, Suite 150
FRESNO, CA 93721
PHONE (559) 233-2900
FAX (559) 485-3852

ATTORNEYS FOR Defendant,
ALBERT LEWIS ELLIS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

\* \* \* \* \* \* \* \*

| UNITED STATES OF AMERICA, | Case No.: 1:10-CR-00266 |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE SENTENCING SCHEDULE AND HEARING AND ORDER |
| vs. | |
| ALBERT LEWIS ELLIS, | Date: July 8, 2011 |
| Defendant. | Time: 8:30 a.m.<br>Judge: Hon. Lawrence J. O'Neill |

**IT IS HEREBY STIPULATED** by and between the parties hereto, and through their respective attorneys of record, that the sentencing hearing currently scheduled for Friday, May 6, 2011, **may be continued to Friday, July 8, 2011, at 8:30 a.m.**

This continuance is requested because defense counsel has a conflict and will not be available on the date currently set. Assistant United States Attorney, Michele L. Thielhorn, does not oppose this request. The requested continuance will provide for continuity of counsel and will conserve time and resources for both counsel and the Court.

///

///

Good cause appears for this continuance, even though it exceeds 60 days, inasmuch as Defense Counsel's trial calendar has become impacted with the following state Court trials:

1. <u>People v. Salas</u>, Case Number F09903456, which began on April 28, 2011, and is set to continue for approximately 20-25 days;

2. <u>People v. Kimber</u>, Case Number M10911080, set for a three day trial May 18, 2011;

3. <u>People v. Vera</u>, Case Number F10901901, wherein trial is set to begin on May 31, 2011, and continue for approximately 15 days;

4. <u>People v. Kastis</u>, Case Number F07905230, whereby the trial is set to begin on June 30, 2011, and continue for approximately for 15 to 20 days; and

5. <u>People v. Aquino</u>, Case Number F08902256, set to begin trial July 5, 2011, and continue for approximately 10 days.

Additionally, the Defendant has been caring for his eighty-two year old grandmother since 2004. Attached please find a photocopy of a notation directed to counsel from Mr. Ellis, which was received some time ago, and which has been provided to the Probation Office. Currently, in anticipation of the prospect of his ultimate incarceration, Mr. Ellis is attempting to appropriately transition the care of his grandmother to another suitable family member and as of this date, that has not been wholly and appropriately accomplished. Indeed, Mr. Ellis believes this can be accomplished as some point during the late summer months of 2011.

2

Accordingly, it is respectfully suggested that good cause appears for the instant request for continuance by Defense Counsel and stipulated to by Ms. Thielhorn.  Further, the parties hereto agree that the informal objections to the report and recommendation shall be filed on or before **June 3, 2011**; and wherein formal objections may be filed on or before **June 27, 2011**.

DATED: May 2, 2011.

                                NUTTALL COLEMAN & WILSON

                                By:  /s/ Roger T. Nuttall
                                    ROGER T. NUTTALL
                                      Attorneys for Defendant
                                      ALBERT LEWIS ELLIS

DATED: May 2, 2011.           BENJAMIN B. WAGNER
                                United States Attorney

                                By: /s/ Michele L. Thielhorn
                                   MICHELE L. THIELHORN
                                   Assistant U.S. Attorney
                                   Attorney for Plaintiff

## O R D E R

The Court has received and reviewed the request from counsel, along with the letter that accompanied the request.  There are two issues to consider:

1.  Defense Counsel's conflicts.  This matter was set out three months past the time of the change of plea at a time when defense counsel was present.  Defense counsel was consulted and agreed to the date and time of the sentencing hearing.  Any alleged conflict that has occurred since that date indeed has the

conflict.  Good cause has not been stated to continue the sentencing on the issue of counsel's calendar.

2.  The defendant has been caring for his elderly mother since 2004.  He has had 3 months since the change of plea to provide alternative care.  This has not been accomplished, and there is nothing in the record to indicate what has been done in the past 3 months, nor anything new that would make it happen in the next two months.  The scenario is a clear demonstration that the defendant's grandmother is in a long line of the defendant's victims.  Good cause does not exist.  The request for a continuance is denied.

IT IS SO ORDERED.

**Dated:   May 3, 2011**              /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE